UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eddie J. Ruff, | ) | C/A No. 9:09-02426-JFA-BM |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| Mr. Jim Doriety, the Director; Mr. Scotty R. Bodiford, the Administrator; and the Medical Staff at the Detention Center, | ) | |
| Defendants. | ) | |

Eddie J. Ruff (Plaintiff) files this civil action *pro se* pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff currently is confined at the Greenville County Detention Center (GCDC), and brings this complaint alleging that he has contracted staph/MRSA for the third time while at GCDC. Plaintiff names Jim Doriety (Doriety), Scotty R. Bodiford (Bodiford), and the Medical Staff at the Detention Center (Medical Staff) as defendants. Plaintiff seeks monetary damages.

### *Pro Se* and *In Forma Pauperis* Review[1]

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);



---

[1] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has also been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Additionally, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995); *see also, Denton v. Hernandez*, 504 U.S. 25, 31 (1992).



2

## Discussion

This case has been filed as a civil rights action pursuant to 42 U.S.C. § 1983, which allows for lawsuits against state officials for money damages arising from their constitutional violations. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff alleges that since 2006 he has contracted staph/MRSA three times while at the GCDC. (Compl. at 3.) Plaintiff alleges that this was due to the "negligence" of the medical staff at the GCDC, and that:

> At this time, I'm imposing the liability of contracting staph/mrsa & the current situation of the Greenville, County Detention Center also Reckless endangerment to me and other people at the center, to Mr. Jim/James Doriety the director of the Center & Mr. Scotty R. Bodiford the administrator of the center, also the Medical Staff of the Greenville, County detention Center.

(Compl. at 3-4.)

Plaintiff has failed to state a claim against defendant Medical Staff, because use of the term "staff" as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602 (D.S.C. 2007); *Ferguson v. Morgan*, 1991 WL 115759 (S.D.N.Y. Jun 20, 1991). Therefore, because defendant Medical Staff is not a "person" under § 1983, it should be dismissed as a party defendant in this case.

As to defendants Doriety and Bodiford, Plaintiff merely states that he is "imposing liability" upon them because they have failed to fix the "current situation". Liberally construing this



3

claim, it could be inferred that Plaintiff is bringing suit against these defendants because of their supervisory capacity at the GCDC. Supervisory officials may be held liable, in certain circumstances, for constitutional injuries inflicted by their subordinates. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, certain criteria must be met before such liability can attach. The plaintiff must show that (1) the supervisory official was actually or constructively aware of a risk of constitutional injury, (2) the supervisory official was deliberately indifferent to that risk, and (3) an affirmative causal link exists "between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir 1999) (quoting *Shaw v. Stroud*, 13 F.3d at 799). Alleged training deficiencies for which a supervisory official is responsible, which cause harm, are also actionable. *Mitchell v. Aluisi*, 872 F.2d 577, 581 (4th Cir. 1989). However, Plaintiff's complaint contains no facts regarding either of these two defendants which would satisfy the above criteria. Rather, he simply states that he wants to "impose liability" on them.

Additionally, Plaintiff has not raised an injury of constitutional magnitude, as he alleges negligence on the part of the defendants. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). While Plaintiff may have a cause of action against one or more of the Defendants under state law for negligence or medical malpractice that is not the standard for proceeding in federal court under § 1983. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)["Deliberate indifference is a very high standard - a showing of mere negligence will not meet it."]; *A.P. ex rel. Bazerman v. Feaver*, No. 04-15645, 2008 WL 3870697



4

at *12 (11th Cir. Aug. 21, 2008)["[D]eliberate indifference requires a much higher standard of fault than mere or even gross negligence . . . ."]; *see also DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; *Baker v. McClellan*, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care].

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Bristow Marchant
United States Magistrate Judge

October 7, 2009

Charleston, South Carolina

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

