IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eddie J. Ruff, | ) | C/A No. 9:09-2426-JFA-BM |
|              Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Mr. Jim Doriety, Director; Mr. Scotty R. Bodiford, Administrator; and the Medical Staff at the Detention Center, | ) ) ) | |
|              Defendants. | ) | |

The *pro se* plaintiff, Eddie J. Ruff, initiated this action pursuant to 42 U.S.C. § 1983 contending that while he has been confined at the Greenville County Detention Center, he has contracted staph/MRSA for the third time. He seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this action should be summarily dismissed as to the defendant Medical Staff because it is not a "person" subject to suit under 42 U.S.C. § 1983.

The Magistrate Judge also suggests that defendants Doriety and Bodiford should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

dismissed because the plaintiff cannot show that these defendants, in their supervisory capacities, were actually or constructively aware of a risk of constitutional injury; that they were deliberately indifferent to that risk; and that an affirmative causal link exists "between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). The Magistrate Judge also notes that the plaintiff has not raised an injury of constitutional magnitude as he alleges negligence on the part of the defendants and that negligence, in general, is not actionable under § 1983.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on October 8, 2009. He did not file objections to the Report. In fact, the envelope containing the Report and Recommendation mailed to the plaintiff on October 8, 2009, was returned to the Clerk's Office marked "return to sender" and "released from custody."

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

November 3, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge